UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOPESCO INDUSTRIA DE SUBPRODUTOS ANIMAIS, LTDA, a Brazilian limited liability company,

Plaintiff, No. 10-CV-10970

vs. Hon. Gerald E. Rosen

FREE RANGE DOG CHEWS, INC., a Michigan corporation,

Defendant.
_______________________________________/

OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO DISMISS/FOR SUMMARY JUDGMENT

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on September 22, 2010

PRESENT: Honorable Gerald E. Rosen
United States District Chief Judge

## I. INTRODUCTION

Plaintiff, Lopesco Industria de Subprodutos Animais, Ltda., ("Lopesco") filed this breach of contract action alleging nonpayment of invoices by Defendant Free Range Dog Chews, Inc., a Michigan company with which Lopesco had an "exclusive dealing" arrangement. Lopesco further seeks a declaratory judgment declaring that Plaintiff is now allowed to sell its products to other customers.

This matter is presently before the Court on Defendant's Motion to Dismiss or for

Summary Judgment, brought pursuant to Fed. R. Civ. P. 12(b)(1)-(3) and Fed. R. Civ. P. 56. In this motion, Defendant seeks dismissal of the case on the grounds of improper venue pursuant to a forum selection clause in the parties' agreement. Defendant argues that the forum selection clause requires that any litigation between the parties be commenced in the Macomb County Circuit Court.

This motion has been fully briefed by the parties. Having reviewed these briefs and the exhibits appended thereto, the Court has determined that oral argument is not necessary. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), this matter will be decided on the briefs. This Opinion and Order sets forth the Court's ruling.

## II. FACTUAL BACKGROUND

Plaintiff, Lopesco Industria de Subprodutos Animais, Ltda., ("Lopesco"), is a Brazilian manufacturer of pet food products. In August 2007, Lopesco entered into a contract with Defendant Free Range Dog Chews, Inc. ("Free Range"), a Michigan corporation, whereby Lopesco agreed to provide, and Free Range agreed to purchase, certain pet food products. In conjunction with their business relationship, on August 10, 2007, the parties signed a "Covenant Not to Compete and Confidentiality Agreement" establishing an exclusive dealing arrangement within a Restricted Area, subject to a list of other customers to which, despite the exclusive dealing arrangement, Lopesco would be entitled to sell its products.

Claiming non-payment of invoices and seeking a declaratory judgment with respect to the Covenant not to Compete, on March 10, 2010, Lopesco filed a complaint in this Court. Defendant Free Range now seeks to dismiss Lopesco's Complaint claiming that a forum selection clause in the parties' agreement precludes the filing of a lawsuit anywhere other than in the Macomb County Circuit Court. The forum selection clause provides as follows:

> Any action or proceeding seeking to enforce any provisions of, or based upon any right arising out of, this Agreement with respect to its enforceability in the State of Michigan may be brought against any of the parties in the State of Michigan, County of Macomb, and each of the parties consent to the jurisdiction of such court and waives any objection the venue laid therein.

[Covenant Not to Compete and Confidentiality Agreement ¶ 8].

Lopesco argues that the language in the forum selection clause is permissive and does not preclude the filing of suit in other appropriate forums.

## III. STANDARD OF REVIEW

A party may move to dismiss when a case has been filed in an improper venue. Fed. R. Civ. P. 12(b)(3). The plaintiff bears the burden of showing that venue is proper. The district court must accept the plaintiff's well-pleaded factual allegations regarding venue as true, draw all reasonable inferences from those allegations in the plaintiff's favor, and resolve any factual disputes in the plaintiff's favor. *El v. Belden*, 360 F. Supp. 2d 90, 92 (D.D.C. 2004).

## IV. DISCUSSION

The language in the forum selection clause in the Lopesco-Free Range Agreement does not specifically exclude the commencement of a lawsuit in another forum. The clause states only that any action arising out of the Agreement "*may be brought* against any of the parties in the State of Michigan, County of Macomb. . . " and that both parties "consent to the jurisdiction of such court" and "waive[] any objection to venue laid therein." [Agreement ¶ 8 (emphasis added).] Thus, the clause is permissive.

Permissive clauses may authorize jurisdiction and venue in a particular forum, but absent language specifically excluding other forums, do not bar suits in otherwise appropriate forums. *Attlas Oil Co. v. Micro-Design, Inc.*, 2009 WL 411763 at *3 (E.D. Mich. 2009). By contrast, a mandatory clause is "one containing clear language showing that jurisdiction is appropriate only in the designated forum." *Koch v. America Online, Inc.*, 139 F. Supp. 2d 690, 693 (D. Md. 2000) (citing *Excell, Inc. v. Sterling Boiler and Mech., Inc.*, 106 F.3d 318, 321 (10th Cir. 1997).

Each party here relies heavily upon different sentences in the forum selection clause to support their claims. Free Range, in its brief in support of its Motion to Dismiss, asserts that because the clause states that the parties "waive[] any objection to venue laid [in Macomb County]," the clause is mandatory. [Defendant's Brief, p. 3.] Lopesco responds that the "may be brought" language is "universally recognized by the courts as permissive," [Defendant's Brief, p. 1], and that the waiver language merely establishes that no objection to venue can be made should suit be brought in Macomb

County. *Id.* p. 4.

Free Range's argument that the "waiver of objection" language may suggest exclusivity is not without merit. However, in *Atlas Oil, supra*, the court held that mandatory clauses must contain "specific language of exclusion." 2009 WL 411763 at *3. Furthermore, though the Sixth Circuit has not yet addressed this issue, the Second Circuit has considered it and has held that the use of the phrase "may be brought" renders a forum selection clause permissive. *Proyecfin de Venezuela, S.A. v. Banco Industrial de Venezuela, S.A.*, 760 F.2d 390, 396 (2d Cir. 1985). In light of the clearly permissive "may" language in the agreement, the "waiver of objection" language becomes even more ambiguous and cannot, under the circumstances, be construed as "specific language of exclusion.

In any event, even disregarding the permissive "may" language, the Sixth Circuit has held that the where a forum selection clause requires the parties to litigate disputes in a court in a particular geographic area, e.g., "in courts *in* the State of Ohio," the parties are not limited to litigating in the state courts. *See Basicomputer Corp. v. Scott*, 973 F.2d 507, 510 (1992). ("Since the federal district court for the Northern District of Ohio is unquestionably a court 'in the State of Ohio,' the forum selection clause is not limited to Ohio state courts." *Id.*) *See also, Alliance Health Group, LLC v. Bridging Health Options LLC*, 553 F.3d 397, 400-401(5th Cir. 2008) (holding that contractual forum selection clause which provided that "exclusive venue for any litigation related [to the

agreement] shall occur in Harrison County, Mississippi" permitted venue in Mississippi state courts in Harrison County and the federal district court for the district encompassing the county); *Global Satellite Communication Co. v. Starmill U.K., Ltd.,* 378 F.3d 1269, 1272-74 (11th Cir.2004) (holding a contract provision specifying "venue shall be in Broward County" permitted filing in either state court or in the federal court located in that county; "[i]f Global Satellite intended to permit suit only in the state courts of Florida located in Broward County, as it claims, it could easily have stated that intention precisely." *Id.* at 1274). *Cf., Doe v. AOL, LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009) (the use of the word "of" in forum selection clause's language "in the courts *of* Virginia" limits the choice of venue to Virginia state courts, rather than both state and federal courts).

Here, the forum selection clause is not jurisdiction-specific but rather contains only a geographic limitation providing for suit "in the State of Michigan, County of Macomb." This Court's territorial jurisdiction encompasses Macomb County. *See* Eastern District of Michigan Local Rule 83.10(a)(1). Therefore, venue here is proper.

CONCLUSION

For all of the foregoing reasons, the Court finds that the forum selection clause in the parties' Agreement does not bar the filing of suit in this federal district court. Therefore,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss/for Summary

Judgment **[Dkt. # 3]** is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Sanctions **[Dkt. # 6]** is DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: September 22, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 22, 2010, by electronic and/or ordinary mail.

s/Ruth A. Gunther
Case Manager